# AMERICAN SAMOA GOVERNMENT, Plaintiff

## v.

## PAUAI SALU a.k.a. SALAKI, Defendant

High Court of American Samoa
Trial Division

CR No. 63-91

August 26, 1992

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, John L. Wilks, Assistant Attorney General
 For Defendant, Barry I. Rose, Assistant Public Defender

Orders Denying Motions for New Trial and for Stay of Execution:

By information filed by plaintiff on December 17, 1991, defendant was accused of committing the crime of sexual assault in the first degree, a Class D felony, in violation of A.S.C.A. § 43.3615. On May 19, 1992, pursuant to a plea agreement, defendant pled guilty to attempted sexual assault in the first degree, a Class A misdemeanor, in violation of A.S.C.A. §§ 43.3401 and 43.3615, false imprisonment, a Class A misdemeanor, in violation of A.S.C.A. § 46.3533, and assault in the third degree, a Class C misdemeanor, in violation of A.S.C.A. § 43.46.3522(a)(5), in lieu of the original accusation. The plea agreement did not contain any provisions regarding sentencing.

On June 23, 1992, defendant was sentenced to one year's imprisonment on each of the Class A misdemeanors and 15 days on the Class C misdemeanor, to run consecutively. Execution of the sentence was suspended, and defendant was placed on probation for a period of

two years on the conditions that he: (1) serve a period of detention at the Tafuna Correctional Facility of 15 days on each offense, to run consecutively, without release for any purpose other than medical emergency, except by prior Court approval; (2) depart from American Samoa immediately upon his release from detention and remain outside of American Samoa during the rest of the period of probation; (3) have no contact with the victim during the period of probation; and (4) conduct himself as a law-abiding citizen wherever he may reside during the period of probation. Credit on the probationary detention periods was granted for time in custody while awaiting trial in this prosecution.

On July 2, 1992, defendant filed a motion for a new trial on the grounds that the probationary departure order was statutorily and constitutionally invalid. On July 9, 1992, defendant amended his order to seek modification of the probationary detention periods to have them run concurrently rather than consecutively. At the hearing on the motion, also on July 9, 1992, the motion with respect to modification of the detention periods was denied. By stipulation, the hearing on the motion with respect to the departure order was continued first to August 20, 1992, and later to August 24, 1992, and the departure order was stayed pending disposition of this aspect of the motion. The further hearing took place on August 24, 1992.

One of defendant's principal arguments on the probationary departure order is that departure from American Samoa is not specifically authorized as a condition of probation under A.S.C.A. §§ 43.2205 and 43.2206, and, hence, he was not truly informed by the laws of American Samoa of this possible consequence of his guilty pleas, particularly since departure orders have normally been used only in felony convictions. While we believe that A.S.C.A. § 46.2205 clearly authorizes probationary conditions reasonably related to the purposes of probation in a given case beyond those conditions enumerated in the statue, this argument is directly answered by A.S.C.A. §41.0614, enacted by P.L. 22-1 (1991), which expressly recognizes the Court's power to impose probationary departure conditions.

Defendant's arguments on other potential legal and constitutional deficiencies of probationary departure orders were addressed in depth in *American Samoa Government v. Fa'amaoni*, CR No. 63-89 (1989). The trial court's reasoning on those issues in that case is persuasive. In our opinion, defendant's arguments on these other issues are without ultimate merit.

49

We also disagree with defendant's argument that the probationary departure order in this case was essentially punitive in nature. On the contrary, our purposes were to: (1) protect the public, including both the 13-year-old victim in this case, who resides in the Manu'a Islands, and other potential young victims who reside there or elsewhere in American Samoa, Tutuila and Anu'u, from any repetitious conduct by defendant; and (2) relocate defendant back to his homeland in Western Samoa, where his family and village lifestyle will be significantly more structured than will be his lifestyle as a single, young man not yet intimately associated with family or community in American Samoa and will, in our opinion, provide a greater rehabilitative influence during this young man's development to responsible adulthood in the near term.

Accordingly, defendant's motion for a new trial with respect to the probationary departure order is denied.

Probation granted in this action will best serve its purposes of public protection and offender rehabilitation if it is carried out immediately. Therefore, defendant's motion for a stay of execution of the probationary departure order pending appeal is denied. As required by T.C.R.Cr.P. 38(4), it is stipulated that the term of defendant's probation commenced on June 23, 1992.

It is so ordered.